IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| STEVEN LEWIS BARNES, | ) | Civil Action No.  4:05-02073-MBS-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| A. DELL DOBY, SHERIFF; LT. POLLY | ) | |
| HALL; ELIJAH HARRIS; LT. KAREN | ) | |
| JAGGERS; NURSE KATHY FLUERY; | ) | |
| NURSE TERRY SHELTON; STAFF | ) | |
| WADE ROUSE; WAYNE ADAMS; | ) | |
| JOHN/JANE DOES OF THE FOOD | ) | |
| DEPARTMENT AT AIKEN | ) | |
| REGIONAL HOSPITAL; AND JOHN/ | ) | |
| JANE DOES, STAFF AT EDGEFIELD | ) | |
| COUNTY DETENTION CENTER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, *pro se,* instituted this action on July 28, 2005, pursuant to 42 U.S.C. § 1983[1]

alleging violations of his Constitutional Rights.

On November 17, 2005, plaintiff filed a motion for entry of default judgment. (Doc.# 26).

In ths motion, plaintiff asserts that his complaint was filed on July 28, 2005, and that he has not

received a copy of  the summons forms telling him when the defendants were served. However,

plaintiff asserts that he believes more than twenty (20) days had lapsed without defendants filing an

answer.

--------

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because
this is a dispositive motion, the report and recommendation is entered for review by the District
Judge.

Defendants Adams, Dobey, Hall, Harris and Jaggers filed a response in opposition asserting that service was effected on October 28, 2005, with answers due by November 7, 2005. On November 7, 2005, defendants filed a motion for enlargement of time to answer plaintiff's complaint which was granted by the undersigned.

A review of the docket report reveals that the United States Marshals Service served defendants on October 18, 2005, with the answer being due November 7, 2005. (Doc. # 15-22). On November 7, 2005, defendants filed a motion for extension of time to file an answer. (Doc. # 9). On November 21, 2005, defendants' motion to extend the time to answer was granted and defendants were given until November 28, 2005, to file their answer or otherwise plead. (Doc. #29). Defendants Adams, Doby, Hall, Harris and Jaggars filed an answer on November 22, 2005, and defendants Kathy and Terry filed a motion to dismiss on November 28, 2005. (Doc. # 30 and 33). Thus, defendants' answer and motion to dismiss were timely filed

Therefore, it is recommended that plaintiff's motion for default judgment (doc. #26) be DENIED in that defendants responded in a timely fashion.

Plaintiff also filed a motion for preliminary injunction on January 17, 2006. (Doc. #48). In this motion, plaintiff states that he seeks a preliminary injunction as to the inadequate and unsanitary food conditions that still exist in 2006." Plaintiff requests that the court order "a change in the E.C.D.C. officials food policy or custom by way of injunction." Plaintiff attached several statements from himself and other inmates stating that at times they have had an upset stomach or stomach sickness from the unsanitary food at the E.C.D.C. (Doc. # 48). Defendants filed a response in opposition to this motion.

This District Court should consider and balance four factors in determining whether to grant

2

injunctive relief prior to a trial on the merits:

> (a) plaintiffs' likelihood of success in the underlying dispute between the parties; (b) whether plaintiffs will suffer irreparable injury if the interim relief is denied; (c) the injury to defendants if an injunction is issued; and (d) the public interest.

North Carolina State Ports Authority v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979). See also Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977); Fort Sumter Tours, Inc. v. Andrus, 564 F.2d 1119 (4th Cir. 1977).

The two most important factors are probable irreparable injury to the plaintiffs if the relief is not granted and the likelihood of harm to the defendant if the injunction is granted. North Carolina State Ports Authority v. Dart Containerline Co., Ltd., at 750.

Plaintiffs do not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Additionally, as noted, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. Granting plaintiff injunctive relief would have the effect of allowing a prisoner to "approve" actions taken by the prison administration that might have an impact on them, because any attempt to require his compliance might be construed (by any of the parties) as a violation of the order. Importantly, the plaintiff has not shown that he is currently subject to a real and immediate threat of harm. See Los Angeles v. Lyons, 461 U.S. 95 (1983). Furthermore, other than the statement of the inmates, plaintiff has not produced proper evidence

linking any injury to conditions of which he complains. Therefore, the undersigned recommends that any claims for injunctive relief be denied.

## CONCLUSION

For the reasons set forth herein, it is RECOMMENDED that the plaintiff's motion for entry of default judgment (doc. # 26) and for preliminary injunction (doc. #48) be DENIED.


Respectfully submitted,


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 21, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

4

<u>**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**</u>

<u>**&**</u>

**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, <u>but</u> <u>not</u> <u>thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
