IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lewis Barnes, ) | |
| ) | C/A No.: 4:05-2073-MBS-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| A. Dell Doby, Sheriff; Lt. Polly Hall; ) | |
| Elijah Harris; Lt. Karen Jaggers; Nurse ) | |
| Kathy Fluery; Nurse Terry Shelton; Staff ) | |
| Wade Rouse; Wayne Adams; John/Jane ) | |
| Does of the Food Department at Aiken ) | |
| Regional Hospital; and John/Jane Does, ) | |
| Staff at Edgefield County Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Steven Lewis Barnes is housed at the Edgefield County Detention Center in Edgefield, South Carolina. Plaintiff, appearing pro se, brings this complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights in various respects.

This matter is before the court on Plaintiff's motions for entry of default and for a preliminary injunction. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On June 21, 2006, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motions be denied. Plaintiff filed objections to the Report and Recommendation on July 11, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo

determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff does not object to the Magistrate Judge's recommendation that the motion for entry of default be denied. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Nevertheless, the court has reviewed the record and concurs in the Magistrate Judge's determination that Defendants timely responded to the complaint. Plaintiff's motion for entry of default is **denied**.

With respect to Plaintiff's motion for preliminary injunction, Plaintiff's response does not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Plaintiff's objections to the Report and Recommendation generally reassert the allegations contained in the preliminary injunction. The court need not conduct a de novo review when a party makes only general and conclusory objections. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). However, the court has examined the allegations and reviewed the applicable law. The court concurs in the Report and Recommendation of the Magistrate Judge. Plaintiff's motion for a preliminary injunction is **denied**.

The court incorporates the Report and Recommendation by reference. For the reasons stated therein and in this order, Plaintiff's motion for entry of default (Entry 26) and motion for preliminary injunction (Entry 48) are **denied**.

Plaintiff filed an additional motion for entry of default on May 8, 2006. Because all

Defendants timely responded to the complaint, Plaintiff's second motion for entry of default (Entry 64) also is **denied**.

    **IT IS SO ORDERED**.

                                          /s/ Margaret B. Seymour
                                          United States District Judge

August 10, 2006

Columbia, South Carolina