IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEVEN LEWIS BARNES, ) | Civil Action No. 4:05-02073-MBS-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| A. DELL DOBY, SHERIFF; LT. POLLY ) | |
| HALL; ELIJAH HARRIS; LT. KAREN ) | |
| JAGGERS; NURSE KATHY FLUERY; ) | |
| NURSE TERRY SHELTON; STAFF ) | |
| WADE ROUSE; WAYNE ADAMS; ) | |
| JOHN/JANE DOES OF THE FOOD ) | |
| DEPARTMENT AT AIKEN ) | |
| REGIONAL HOSPITAL; AND JOHN/ ) | |
| JANE DOES, STAFF AT EDGEFIELD ) | |
| COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Steven Lewis Barnes, filed this action under 42 U.S.C. § 1983[1] on July 28, 2005, alleging that his constitutional rights were violated due to medical indifference. On November 28, 2005, defendants Nurse Kathy Fluery and Nurse Terry Shelton (defendants and/or Nurse Kathy and Nurse Terry) filed a motion to dismiss pursuant to Rule 12(b)(6) along with supporting memorandum. (Doc. #33). Plaintiff filed a response in opposition on January 3, 2006. (Doc. #45). On July 14, 2006, the undersigned issued an order finding that defendants Nurse Fluery and Nurse Shelton's motion to dismiss would be deemed moot based on the fact that in that same order plaintiff's motion to amend his complaint was granted provided plaintiff "files a proposed copy

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

of the <u>complete</u> legible amended complaint containing the original allegations and the amended allegations within thirty (30) days from the date of this order." It was ordered that these defendants would be allowed to re-file their dispositive motion if plaintiff did not comply with the order. (Document #76). Plaintiff filed a motion for leave to file an amended complaint with a copy of the proposed amended complaint on August 11, 2006, but it began with paragraph number 50 and was not a complete copy as clearly instructed in this Court's order. Therefore, defendants re-filed their motion to dismiss on August 22, 2006. The undersigned issued an order filed August 24, 2006, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) advising plaintiff of the motion for summary judgment/motion to dismiss procedure and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the motion to dismiss on October 2, 2006.

## II. DISCUSSION

### A. ARGUMENT OF THE PARTIES

Plaintiff alleges medical indifference to his medical needs. Plaintiff specifically alleges that on June 23, 2005, after eating his meal tray, he became very sick with nausea and bad stomach cramps. Plaintiff alleges that he was sick for over 24 hours with extreme sweating, dehydration, a high fever and could barely stand up by noon on July 24, 2005. Plaintiff alleges that he attempted to make it to the bathroom in time but failed and soiled himself. Plaintiff alleges that he contacted staff Jonathan Wates that he needed to see a doctor immediately and was informed that he would call the nurse. After not hearing anything, plaintiff alleges that he was advised that the nurses do not work on the weekends and that neither nurse would answer their phones or pages. Plaintiff alleges

that he was advised that neither nurse would come to work but that he was instructed to drink apple juice, plenty of fluids, get rest, and avoid eating dinner on that date.

Defendants assert that plaintiff was instructed as he alleges by an unidentified nurse to drink plenty of fluids, drink apple juice, get plenty of rest, and to avoid eating dinner on that date. Defendants contend that the detention official notified plaintiff if the problems persisted throughout the afternoon, he would receive a sick call slip. However, defendants argue there is no allegation the symptoms continued or resulted in damage to the plaintiff.

Defendants argue that even though plaintiff alleges he is/was a pretrial detainee at the time, he should be considered a convicted felon as he had already received a life sentence for conviction on kidnaping and other charges in Georgia while awaiting his capital murder trial in South Carolina. Thus, defendants argue that plaintiff is a convicted felon although he is being housed temporarily in the South Carolina detention system while awaiting trial on additional murder charges. Therefore, defendants argue that the claim should be analyzed according to the Eighth Amendment's prohibition of cruel and unusual punishment.

### B.  STANDARD OF REVIEW

Defendants bring their motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint.  It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion

to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

## C. ANALYSIS

Defendants argue that the action against them should be dismissed as plaintiff has failed to show deliberate indifference on their part of his medical needs. Defendants' argument consists of the following:

> Edgefield County Detention Center officials and the Defendant Nurses Fluery and Shelton did not ignore Plaintiff's gastrointestinal complaints. Appropriate actions were taken and the symptoms apparently dissipated as a result of the order to push fluids and get plenty of rest. A local government's interest in limiting the cost of detention justifies proving no more than a reasonable level of medical care to pretrial detainees. Boring v. Kozakiewicz, 833 F.2d 468, 473 (3rd Cir. 1987), cert. denied, 485 U.S. 991 (1988). Further, Plaintiff fails to allege any damage or injury resulting from the claimed lack of medical attention.

(Memorandum p. 5).

In his response, which is hard to read, plaintiff argues that he became very sick from eating his food tray and had severe symptoms of pain and diarrhea. Plaintiff asserts that he was not given prompt medical attention, he had saved his bloody stool in the toilet and no-one took a stool sample, and no-one has investigated the food for food poisoning. Plaintiff asserts that he still has ongoing stomach soreness and needs the court to do something about the food they are served at the detention center. Plaintiff states in his response as follows: "I can not continue to experience these stomach soreness and negligence diagnosis per the medical staff and just be humble about it." (Document #91).

4

Plaintiff filed a second response on October 25, 2006, in which he basically asserts that he was punished as a pretrial detainee by not receiving prompt medical attention and had to suffer 24-48 hours without any medical attention. Plaintiff asserts that he should have been sent to the hospital and the food should have been investigated for food poisoning. Plaintiff asserts that he continued to suffer with stomach pain/soreness.

The undersigned has reviewed the motion to dismiss and concludes that based on the complaint and the caveat that pro se complaints be liberally construed, it would not be appropriate to dismiss this case against these defendants pursuant to a motion to dismiss. Plaintiff alleges that he was a pretrial detainee. Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). Plaintiff alleges he was punished by not receiving prompt medical attention and by continuing to have stomach soreness/ pain from the food. Defendants have not submitted any medical records to reveal whether or not plaintiff continued to complain of stomach problems and/or whether he has received any ongoing treatment. Defendants only stated in their memorandum that there is no allegation the symptoms continued or there were resulting damages to plaintiff without submitting any evidence that there were no ongoing complaints related to this incident. Defendants have not submitted any records or affidavits as they filed a motion to dismiss not a motion for summary judgment. The undersigned finds that defendants have not met their burden of a Rule 12(b)(6) motion to dismiss in that they have not clearly shown that no relief could be granted under any set of facts that could be proved consistent with the allegations.

### D.  PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

On July 11, 2006, plaintiff filed a motion to "alter or amend preliminary injunction." (Document #75). Defendants filed a response arguing that it is a duplicative motion which the undersigned recommended it be denied in a report and recommendation. At the time of defendants' response, they argued the report and recommendation was before the district judge for final order.

A review of the motion (which is barely legible), reveals that it is basically a duplicative motion requesting a preliminary injunction as to the inadequate and unsanitary food conditions that still exist. As the previous motion for preliminary injunction has already been denied by the district judge, it is recommended that this motion be DENIED as duplicative.

### III.  CONCLUSION

Based on the above, the undersigned RECOMMENDS that defendants' motion to dismiss (document #81) be DENIED. Further, the undersigned recommends, if the district judge adopts this report and recommendation to deny the motion to dismiss, that these defendants be granted additional time to file a motion for summary judgment.

Additionally, it is RECOMMENDED that plaintiff's motion to amend or correct motion for preliminary injunction (document#75)  be DENIED as duplicative.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

November 15, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

6

4:05-cv-02073-MBS     Date Filed 11/15/06     Entry Number 102     Page 7 of 7