IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lewis Barnes, ) | |
| ) C/A No. 4:05-2073-MBS | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| A. Dell Dobey, Sheriff; Lt. Polly Hall; ) | |
| Elijah Harris; Lt. Karen Jaggers; Nurse ) | |
| Kathy Flury; Nurse Terry Shelton; Staff ) **O R D E R** | |
| Wade Rouse; Wayne Adams; John/Jane ) | |
| Does of the Food Department at Aiken ) | |
| Regional Hospital; and John/Jane Does, ) | |
| Staff at Edgefield County Detention ) | |
| Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Steven Lewis Barnes is a convicted felon serving sentences for crimes committed in the State of Georgia. He was transported to South Carolina to stand trial for capital charges in this state. Plaintiff currently is detained at the Edgefield County Detention Center in Edgefield, South Carolina. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated in various respects, including, among other things, the denial of medical care, denial of access to the courts, and unconstitutional conditions of confinement.

This matter is before the court on motion for summary judgment filed by Defendants A. Dell Dobey, Polly Hall, Elijah Harris, Karen Jaggers, and Wayne Adams ("ECDC Defendants") (Entry 103), which motion was filed November 15, 2006.[1] On November 16, 2006, an order was issued pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed

---

[1] Defendant Wade Rouse has never been served with a copy of the summons and complaint.

a response to the ECDC Defendants' motion on December 27, 2006, to which the ECDC Defendants filed a reply on January 8, 2007. Plaintiff filed a surreply on January 22, 2007.

Also before the court is motion for summary judgment filed by Defendants Kathy Fluery and Terry Shelton ("Nurse Defendants") on December 28, 2006 (Entry 112). A second Roseboro order was issued on December 29, 2006. Plaintiff filed a response to the Nurse Defendants' motion on March 20, 2007, to which the Nurse Defendants filed a reply on March 30, 2007. Plaintiff filed a surreply on April 13, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On August 13, 2007, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Nurse Defendants' motion for summary judgment be granted (Entry 135). The Magistrate Judge also issued a Repot and Recommendation on August 13, 2007 in which he recommended that the ECDC Defendants' motion for summary judgment be granted (Entry 136). Plaintiff filed objections to the Reports on September 5, 2007.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

I.  FACTS

The facts are thoroughly discussed in the Magistrate Judge's Reports.  Briefly, Plaintiff alleges that he was denied access to the courts because he was not given stamps for his legal mail and he did not have access to a law library.  Plaintiff asserts that he was classified in maximum security and subjected to lock down status without justification.  Plaintiff also alleges that the food served at ECDC is unsanitary and makes him ill.  Plaintiff asserts that "food-borne illness" gave stomach cramps and diarrhea and that he was denied adequate medical care when he complained to staff.  Plaintiff also alleges that he was denied hygiene products, or that the products offered were not worth the charge that would have been assessed against his inmate account.

II.  DISCUSSION

Although Plaintiff is a convicted felon, the parties and Magistrate Judge treated him as a pretrial detainee for purposes of addressing his claims.  As a pretrial detainee, Plaintiff retained certain rights unavailable to convicted prisoners.  A person lawfully committed to pretrial detention has not been adjudged guilty of any crime.  Under such circumstances, he may be detained by the government to ensure his presence at trial; however, the conditions and restrictions to which he is subject at the detention facility cannot amount to punishment, or otherwise violate the Constitution. Bell v. Wolfish, 441 U.S. 520, 536 (1979).  The due process clause of the Fourteenth Amendment protects pretrial detainees.  Id. at 535 n. 16.  These protections are "at least as great as the Eighth Amendment protections available to a convicted prisoner."  City of Revene v. Massachusetts Gen. Hosp., 463 U.S. 239, 244 (1983).

A.      Denial of Medical Care (Nurse Defendants' Motion for Summary Judgment)

Plaintiff first asserts that the Magistrate Judge erred in finding that the Nurse Defendants were not deliberately indifferent to Plaintiff's complaints of stomach cramps, nausea, vomiting, diarrhea, sweating, and dehydration on June 24, 2005. The court disagrees.

The government is obligated to provide medical care for those who are incarcerated. Estelle v. Gamble, 429 U.S. 97, 102 (1976). A pretrial detainee makes out a due process violation if he shows deliberate indifference to serious medical needs within the meaning of Estelle. Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988). Under Estelle, deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle, 429 U.S. at 102-03. In order to establish a prima facie case under the Eighth Amendment, Plaintiff must satisfy both an objective and a subjective element. First, he must show that the harm suffered is "sufficiently serious." See Hudson v. McMillan, 503 U.S. 1, 9 (1992). Second, he must show that the Nurse Defendants were deliberately indifferent to his serious medical needs. See id.

"A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 450 U.S. 1041 (1981)).

In this case, Plaintiff's medical needs are not so serious that a layperson would recognize the need for a doctor's attention, and there is no evidence that Plaintiff suffered permanent damage as

4

the result of the purported denial of proper medical treatment. Plaintiff was informed that if the problems persisted throughout the afternoon that he would receive a sick call slip; however, Plaintiff did not elect to seek additional medical attention. The court concludes that Plaintiff's stomach cramps, diarrhea, vomiting, and other symptoms were not "sufficiently serious" to warrant constitutional scrutiny.

With respect to the deliberate indifference prong of the test, Plaintiff was ill on the weekend when no nursing staff was on the premises. Both Nurse Defendants have provided affidavits. (Entries 112-3, 112-4) . They both aver that they did not receive a call with regard to Plaintiff on June 23 or June 24, 2005. The Nurse Defendants are entitled to summary judgment because there is no evidence that they participated in the alleged conduct.

Even assuming for purposes of summary judgment that Plaintiff's complaints constituted a "serious medical need," it is clear that Plaintiff was not subjected to deliberately indifference. Plaintiff admits in his complaint that he was advised by Nurse "John Doe" to drink lots of fluids and get plenty of rest. Complaint, ¶ 108.

The key question is whether medical personnel provided Plaintiff with some kind of treatment, regardless of whether it was what Plaintiff desired. See Lamb v. Maschner, 633 F. Supp. 351, 353 (D. Kan. 1986). In this case, Plaintiff's complaints of stomach pain were addressed by medical staff. Plaintiff's objections are without merit.

B.     Access to the Courts (ECDC Defendants' Motion for Summary Judgment)

Plaintiff contends that the Magistrate Judge erred in finding that Plaintiff was not denied meaningful access to the courts. The court disagrees.

Prisoners have a constitutional right under the First Amendment to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). To prove a violation of the right of access to the courts, Plaintiff must show "(1) the failure of prison officials to assist in the preparation and filing of meaningful legal papers . . . and (2) some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." See Alston v. DeBruyn, 13 F.3d 1036, 1040-41 (7th Cir. 1974) (internal quotations omitted). An inmate cannot establish relevant actual injury by establishing that the prison law library or legal assistance program is deficient in some theoretical sense. Lewis, 518 U.S. at 351. The inmate must go one step further and demonstrate that the alleged shortcomings hindered his efforts to pursue a legal claim. Id.

Plaintiff contends that he was forced to sell his meal trays in order to obtain sufficient stamps for his legal mail and that he was without access to law books until August 14, 2005, when staff at ECDC began obtaining case law for him from Internet sources. The only actual injury asserted by Plaintiff, however, is his contention that he missed an appeal deadline with respect to civil litigation in Georgia because he did not have a copy of the applicable rules.

The court has reviewed the civil docket sheet in Plaintiff's Georgia litigation, Steven Louis Barnes v. Warden Carl Humphrey, et al., C/A No. 5:05-cv-00049-WTM-JEG. In that case, Magistrate Judge James E. Graham entered a Report and Recommendation on October 7, 2005, recommending that the complaint be dismissed (Entry 9). On November 11, 2005, the Honorable William T. Moore adopted the Report and Recommendation and dismissed the complaint for failure to state a claim pursuant to 42 U.S.C. § 1983 (Entry 13). Plaintiff filed a motion to extend time to appeal on February 21, 2006 (Entry 14), which motion was denied (Entry 15). Plaintiff thereafter

filed a notice of appeal on April 14, 2006 (Entry 18). All these dates were well after the August 14, 2005 date that Plaintiff concedes he began receiving legal assistance from ECDC employees. See Plaintiff's Objection to Magistrate Judge Recommendation (Entry 140-3, p. 3) ("Plaintiff is not arguing after the fact when the Defendants started given [*sic*] plaintiff legal supplies as shown in, mainly Defendant Hall Affidavit and exhibit on 8/14/05"); Affidavit of Polly Hall (Entry 103-8, ¶ 25) ("Once the ECDC staff was made aware of the Plaintiff's pending civil matters, I have contacted the local magistrate in an effort to obtain legal materials for the Plaintiff, and have also accessed several online databases that provided free legal materials, in an effort to provide as much access to legal materials for the Plaintiff as our policies and time will allow."). Plaintiff has not established that his efforts in pursuing a legal claim were hindered because of the shortcomings at ECDC prior to August 14, 2005, as contemplated by Lewis. Plaintiff's objections are without merit.

C.     Conditions of Confinement (ECDC Defendants' Motion for Summary Judgment)

Plaintiff first contends the Magistrate Judge erred in upholding Plaintiff's classification to maximum security. According to Plaintiff, his security status constitutes punishment without a prior adjudication of guilt. The court disagrees.

Unlike a convicted prisoner, a pretrial detainee has not been adjudged guilty of any crime; under the due process clause, he may not be punished prior to an adjudication of guilt in accordance with due process of law. The government may detain him to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility, so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979). Thus, a pretrial detainee's freedom of movement may be restricted

to some degree without implicating constitutional concerns if the restriction is but an incident of some legitimate non-punitive goal.

In this case, Plaintiff is serving a life sentence for convictions in Georgia and is being held at ECDC on pending charges for murder. As the Magistrate Judge properly noted, ECDC possessed valid penological reasons to classify Plaintiff as a maximum security detainee in order to ensure the safety and security of the staff and other inmates. When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests. Urner v. Safley, 482 U.S. 78, 89 (1987). There is no evidence that Plaintiff was classified for an improper punitive reason. Plaintiff's objection is without merit.

Plaintiff next contends that the Magistrate Judge erred in granting summary judgment in favor of the ECDC Defendants with respect to Plaintiff's claim regarding unsanitary and inadequate food. The court disagrees.

As noted hereinabove, a pretrial detainee's claims are evaluated under the Due Process Clause rather than the Eighth Amendment. Bell, 441 U.S. at 535 n.16. The due process rights of pretrial detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater. Loe v. Armistead, 582 F.2d 1291, 1294 (4th Cir. 1978). Under the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; . . . [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] to take reasonable measures to guarantee the safety of" inmates. Farmer v. Brennan, 114 S. Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

In order to prevail, Plaintiff must show that the ECDC Defendants were deliberately indifferent with respect to the meals served to the persons housed at ECDC. Deliberate indifference

exists when an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Moreover, the inmate must suffer some sort of injury as a result of the allegedly inhumane condition. See Hudson v. McMillian, 503 U.S. 1 (1992) (injury need not be significant to be violative of the Eighth Amendment, but something more than de minimis injury is required).

Plaintiff contends that he has been served food that is not cooked properly. It does appear that ECDC at some point discovered that an oven that was purchased to reheat frozen dinners was not working properly. ECDC officials began the process of budgeting for and procuring a replacement oven, which was ordered in September 2005. These facts and others in the record belie any allegation of deliberate indifference. In addition, there is no evidence that Plaintiff suffered any more than a de minimis injury as the result of being fed undercooked food, that being stomach cramps and nausea that he contends resulted from "food borne illness." Plaintiff's objections are without merit.

Plaintiff also complains that he was denied basic hygiene products because the two-dollar cost of the "welcome kit" provided by ECDC is exorbitant when compared with the "small" tube of toothpaste, bar of soap, and can of deodorant provided. Plaintiff contains the products do not last for two weeks, which is the earliest time the kit can be repurchased. Plaintiff contends there is no security justification in charging detainees high prices and limiting access to the welcome kit. According to Plaintiff, the cost of the welcome kit is excessive and nature and amounts to punishment. The court disagrees.

Plaintiff's claim is similar to that of pretrial detainee in Slade v Hampton Roads Regional Jail, 407 F.3d 343 (4th Cir. 2005). In that case, the pretrial detainee contended that the jail's one dollar per day fee for room and board constituted punishment in violation of the Fourteenth Amendment. The Fourth Circuit determined that the one dollar per day charge did not amount to punishment because (1) there was no evidence that the express purpose of the charge was to punish, and (2) the charge was rationally related to a legitimate governmental interest, i.e., to defray the costs associated with the detainees' keep while housed at the jail. Similarly, in this case, there is no evidence of an intent to punish, and the charge would appear to be rationally related to offsetting the cost of providing hygiene supplies to pretrial detainees at ECDC. Plaintiff's objections are without merit.

D.     Denial of Medical Care (ECDC Defendants' Motion for Summary Judgment)

Plaintiff next asserts that the Magistrate Judge erred in finding that Plaintiff was not subjected to deliberate indifference by Defendant Wade when Plaintiff complained of stomach cramps, diarrhea, nausea, and vomiting on June 23, 2005. According to Plaintiff, Defendant Wade must have lied about calling a nurse for advice since both Nurse Defendants deny receiving a call on June 23, 2005 regarding Plaintiff's symptoms. The court disagrees.

As noted hereinabove, a pretrial detainee makes out a due process violation if he shows "deliberate indifference to serious medical needs" within the meaning of Estelle v. Gamble, 429 U.S. 97, 104-06. Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988). Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837

(1994). Thus, Plaintiff must show (1) a serious injury, and (2) deliberate indifference on the part of Defendant Rouse.

As to the first factor, Plaintiff has failed to allege a serious medical need. As to the second factor, Plaintiff's own allegations in is complaint reveal that Defendant "Wade" told Plaintiff he would "bring [Plaintiff] plenty of apple juice and to try to drink plenty of water and hopefully one of the nurses will be in tomorrow. . . . And if Plaintiff does not feel better late on in the afternoon before [Defendant] leases, to call back to the control both and he'll bring Plaintiff an [*sic*] sick call slip." Complaint, ¶¶ 106-107. There is no evidence that any ECDC Defendant was deliberately indifferent to Plaintiff's medical needs. Plaintiff's objections are without merit,

### III. CONCLUSION

The court has carefully reviewed Plaintiff's remaining objections and finds them to be without merit. As to those findings by the Magistrate Judge to which Plaintiff did not object, the court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court adopts each Report and Recommendation of the Magistrate Judge and incorporates them herein by reference. The Nurse Defendants' motion for summary judgment (Entry 112) is **granted**. The ECDC Defendants' motion for summary judgment (Entry 103) also is **granted**. The Nurse Defendants' motion to strike (Entry 123) is deemed moot. Plaintiff's motion to alter or amend judgment (Entry 141), which appears to restate or amend the allegations of his complaint, is **denied**.

Defendant Wade Rouse never was served with the summons and complaint. The court nevertheless grants summary judgment in his favor for the reasons set forth herein. See United States or Use of Hudson v. Peerless Ins. Co., 374 F.2d 942, 945 (4th Cir. 1967); Dominguez v.

Moore, 2007 WL 1848471 (E.D. Tex. June 25, 2007) ("Unserved and defaulting former officials are entitled to benefit from the appearing defendants' favorable summary judgment motion.") (quoting Lewis v Lynn, 236 F.3d 766 (5th Cir. 2001)).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 30, 2007.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**